E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
MATTHEW W. O'BRIEN (Cal. Bar No. 261568)
Assistant United States Attorney
Environmental and Community Safety Crimes Section
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorney
Public Corruption and Civil Rights Section
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
Assistant United States Attorney
Environmental and Community Safety Crimes Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8644
     Facsimile: (213) 894-0141
     E-mail:    Matthew.O'Brien@usdoj.gov
                Brian.Faerstein@usdoj.gov
                Juan.Rodriguez@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               v.<br><br>JOSE MANUEL PEREZ,<br>aka "Julio Rodriguez,"<br><br>          Defendant. | No. 22-CR-597-RGK<br><br>GOVERNMENT'S EX PARTE APPLICATION FOR ORDER COMPELLING DEFENDANT TO PERMIT PHOTOGRAPHING OF HIS ARMS AND HANDS; EXHIBIT |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Matthew O'Brien, Brian Faerstein, and Juan Rodriguez, hereby files this application for an order compelling defendant JOSE MANUEL PEREZ ("PEREZ") to permit photographs to be taken of PEREZ's arms and hands to document his tattoos. This application is based upon the attached memorandum

of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

On January 26, 2023, the government provided Ms. Amy Fan, PEREZ's counsel, with a draft copy of this application. On February 3, 2023, Ms. Fan responded that she opposes this application because the government already has a photograph of the tattoo on her client's left hand.

Dated: February 7, 2023         Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


       /s/
MATTHEW W. O'BRIEN
BRIAN R. FAERSTEIN
JUAN M. RODRIGUEZ
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

The United States respectfully asks the Court to issue an order requiring defendant JOSE MANUEL PEREZ ("PEREZ") to permit photographs to be taken of his arms and hands by government agents, Bureau of Prisons ("BOP") staff, or the staff of other jails in which PEREZ may be incarcerated.

The government seeks these photographs in order to document PEREZ's tattoos. As set forth below, the compelled exhibition of tattoos is non-testimonial and, therefore, PEREZ has no right to refuse to permit photographs to be taken of his tattoos.

I. **BACKGROUND**

PEREZ is currently detained at the Metropolitan Detention Center while awaiting trial on March 14, 2023 in this case. He is charged with two counts of being a felon-in-possession of firearms, in violation of 18 U.S.C. § 922(g)(1). PEREZ has indicated that he may proceed with trial on the initial trial date of March 14, 2023.

PEREZ has a small tattoo of the cursive letter "A" on his left ring finger, which the government seeks to document for evidentiary purposes in advance of trial. The government has one booking photograph of PEREZ showing the tattoo, taken on October 10, 2019 (see Exhibit "A"), but seeks a clearer photograph to use at trial.[1]

The tattoo on PEREZ's left hand is relevant because the government's evidence will include photographs and videos, in the style of "selfies," in which an individual's left hand can be seen holding firearms and in which the tattoo is partially visible. The

---

[1] The government also is in possession of body-cam video of PEREZ's arrest in this case on September 12, 2002, in which the same tattoo is visible.

government seeks a clearer photograph of PEREZ's tattoo to tie PEREZ to the "selfies" showing firearms in someone's tattooed left hand. The government also seeks to document any other tattoos (or the absence of tattoos) on PEREZ's arms and hands to further tie him to the photographic evidence in this case.

## II.  ARGUMENT

Defendants do not have a constitutional right to refuse to permit photographs to be taken of their tattoos.  The Fifth Amendment privilege against self-incrimination only protects an accused "from being compelled to testify against himself or otherwise to provide . . . evidence of a testimonial or communicative nature." Schmerber v. California, 384 U.S. 757, 761 (1966).  The compelled display of "identifiable physical characteristics," however, is not testimonial or communicative in nature, and therefore does not infringe the privilege against self-incrimination.  United States v. Dionisio, 410 U.S. 1, 5-6 (1973).  As the Supreme Court has explained:

> Both federal and state courts have usually held that [the Fifth Amendment] offers no protection against compulsion to submit to fingerprinting, photographing, or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture.

Schmerber, 384 U.S. at 764 (emphasis added); see also Gilbert v. California, 388 U.S. 263, 266-67 (1967) ("The privilege [against self-incrimination] reaches only compulsion of an accused's communications, whatever form they might take . . . and not compulsion of real or physical evidence. . . .  A mere handwriting exemplar, in contrast to the content of what is written, like the voice or body itself, is an identifying characteristic outside [the

2

Fifth Amendment's] protection.") (emphasis added; internal quotation marks and citations omitted). As Justice Holmes explained:

> the prohibition of compelling a man to be witness against himself is a prohibition of the use of physical or moral compulsion to extort communications from him, not an exclusion of his body when it may be material.

Holt v. United States, 218 U.S. 245, 252-53 (1910). Thus, courts have routinely compelled an accused to provide fingerprints, blood samples, voice exemplars, handwriting samples, to stand in a line-up, to wear particular clothing, and to submit to photographs. See, e.g., Dionisio, 410 U.S. 1 (voice exemplars); Gilbert, 388 U.S. 263 (handwriting exemplars); Schmerber, 384 U.S. 757 (blood samples); United States v. Martinez, et al., CR 14-338(A)-SJO, Dkt. No. 2026 (order granting the government's request to photograph tattoos and take fingerprints of defendants awaiting trial in a RICO matter).[2]

With respect to tattoos, the Ninth Circuit has held that a defendant may be compelled to display his hands with their distinctive tattoos to the jury without subjecting himself to cross-examination precisely because the display of tattoos is non-testimonial and the government could compel it:

> [A] display of hands is non-testimonial. This has been repeatedly held in cases in which the government seeks to compel a defendant to show various types of physical characteristics to the jury. The cases hold that this does not infringe the Fifth Amendment privilege against self-incrimination.[3]

---

[2] While a grand jury could have subpoenaed the photographs (or fingerprints, handwriting exemplars and the like), these items may also be obtained by means of a court order. See, e.g., United States v. Lincoln, 494 F.2d 833, 836, 838-39 (9th Cir. 1974) (affirming compulsion of handwriting exemplars before trial).

[3] Nor would it violate his Fourth Amendment rights. See Dionisio, 410 U.S. at 8-16 (compelling voice exemplars does not violate Fourth Amendment); United States v. Mara, 410 U.S. 19, 21-22 (1973) (same for handwriting exemplars).

1  United States v. Bay, 762 F.2d 1314, 1315 (9th Cir. 1984) (citing
2  Dionisio, Schmerber, Holt, and United States v. Valenzuela, 722 F.2d
3  1431, 1433 (9th Cir. 1983)); see also Chavez v. Compton, 2010 WL
4  231359, at *2 (D. Mont. Jan. 20, 2010) (finding "no basis upon which
5  to bring a Fifth Amendment claim as the display of [the defendant's]
6  tattoos were non-testimonial"); Free v. Culliver, 2007 WL 2069841, at
7  *11 (M.D. Ala. Jul. 17, 2007) (same).
8       Consequently, an order compelling PEREZ to permit the taking of
9  photographs of tattoos on his arms and hands would not violate his
10 privilege against self-incrimination.
11      Defense counsel has objected to the government's request as
12 unnecessary because the government already has one booking photograph
13 of PEREZ that shows the tattoo on PEREZ's left hand.  This objection
14 is misplaced.  The booking photo does not show the tattoo on PEREZ's
15 left hand in any detail.  The government is entitled to obtain all
16 the evidence it can lawfully obtain – including clearer photographs
17 of a defendant's tattoos – in advance of trial.  If defense counsel
18 wants to object at trial to the admission of the new, clearer
19 photographs of the tattoo as cumulative, she will be free to do so.
20 But such an objection cannot be used to block the government from
21 obtaining clearer photographs in the first place.
22 //
23 //
24 //

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court enter an order compelling PEREZ to permit law enforcement officials to take photographs of his arms and hands.

Dated: February 7, 2023           Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


    /s/
MATTHEW W. O'BRIEN
BRIAN R. FAERSTEIN
JUAN M. RODRIGUEZ
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# EXHIBIT A

# Ventura County SO

**PEREZ, JOSE MANUEL**

**VCSD BI#:** ▓▓▓▓▓

**Booking #:** ▓▓▓▓▓

**Charge:**

**Arrest Date:** ▓▓▓▓▓

**Birth Date:** ▓▓▓▓▓

**Sex:** Male

**Race:** ▓▓▓▓▓

**height:** ▓▓▓

**Weight:** ▓▓▓



10/10/2019

Copyright © 2004 All rights reserved. ImageWare Systems, Inc.

PEREZ_GC_00000903