E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
MATTHEW W. O'BRIEN (Cal. Bar No. 261568)
Assistant United States Attorney
Environmental and Community Safety Crimes Section
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorney
Public Corruption and Civil Rights Section
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
Assistant United States Attorney
Environmental and Community Safety Crimes Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8644
     Facsimile: (213) 894-0141
     E-mail:    Matthew.O'Brien@usdoj.gov
                Brian.Faerstein@usdoj.gov
                Juan.Rodriguez@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　　v.<br><br>JOSE MANUEL PEREZ,<br>aka "Julio Rodriguez,"<br><br>　　　　Defendant. | No. CR 22-597(A)-RGK<br><br>GOVERNMENT'S TRIAL MEMORANDUM<br><br>Trial Date:　May 30, 2023<br>Trial Time:　9:00 a.m.<br>Location:　　Courtroom of the<br>　　　　　　　Hon. R. Gary<br>　　　　　　　Klausner |

　　　Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Matthew O'Brien, Brian Faerstein, and Juan M. Rodriguez, hereby files its Trial Memorandum.

//

The government respectfully reserves the right to supplement or modify this memorandum as may be appropriate.

Dated: May 24, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

          /s/
MATTHEW W. O'BRIEN
BRIAN R. FAERSTEIN
JUAN M. RODRIGUEZ
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

DESCRIPTION                                                          PAGE

MEMORANDUM OF POINTS AND AUTHORITIES................................1
I.    INTRODUCTION...................................................1
II.   STATUS OF CASE.................................................1
      A.    Indictment and First Superseding Indictment..............1
      B.    Discovery................................................1
      C.    Trial....................................................2
      D.    Defendant................................................2
      E.    Government Witnesses.....................................2
      F.    Stipulations.............................................3
      G.    Pretrial Motions.........................................3
III.  THE CHARGED OFFENSE............................................4
      A.    Governing Statute........................................4
      B.    Elements of 18 U.S.C. § 922(g)(1)........................4
            1.    Mens Rea...........................................4
            2.    Possession.........................................5
            3.    Interstate Commerce................................6
IV.   STATEMENT OF FACTS.............................................6
V.    LEGAL AND EVIDENTIARY ISSUES...................................7
      A.    Authentication and Foundation............................7
      B.    Expert Opinion Testimony.................................7
      C.    Lay Witness and Lay Law Enforcement Testimony...........10
      D.    Cross-Examination of Defendant..........................10
      E.    Photographs.............................................11
      F.    Affirmative Defenses....................................12
      G.    Reciprocal Defenses.....................................12

**TABLE OF CONTENTS (CONTINUED)**

DESCRIPTION                                                              PAGE

VI.  CONCLUSION..............................................13

**TABLE OF AUTHORITIES**

Cases

Lucero v. Stewart,
  892 F.2d 52 (9th Cir. 1989) ........................................ 12

Ohler v. United States,
  529 U.S. 753 (2000) ............................................... 11

Rehaif v. United States,
  139 S. Ct. 2191 (2019) ............................................. 4

Richardson v. United States,
  526 U.S. 813 (1999) ................................................ 6

United States v. Andersson,
  813 F.2d 1450 (9th Cir. 1987) ...................................... 7

United States v. Barragan,
  871 F.3d 689 (9th Cir. 2017) ...................................... 10

United States v. Black,
  767 F.2d 1334 (9th Cir. 1985) ..................................... 11

United States v. Carrasco,
  257 F.3d 1045 (9th Cir. 2001) ...................................... 6

United States v. Chu Kong Yin,
  935 F.2d 990 (9th Cir. 1991) ....................................... 7

United States v. Cuozzo,
  962 F.2d 945 (9th Cir. 1992) ...................................... 11

United States v. Dunn,
  946 F.2d 615 (9th Cir. 1991) ....................................... 9

United States v. Gadson,
  763 F.3d 1189 (9th Cir. 2014) .................................. 7, 10

United States v. Johnson,
  459 F.3d 990 (9th Cir. 2006) ....................................... 5

United States v. May,
  622 F.2d 1000 (9th Cir. 1980) ..................................... 12

United States v. Miranda-Uriarte,
  649 F.2d 1345 (9th Cir. 1981) ..................................... 11

**TABLE OF AUTHORITIES (CONTINUED)**

DESCRIPTION                                                                PAGE

United States v. Moreno,
 243 F.3d 551 (9th Cir. 2000) ..................................... 10

United States v. Oaxaca,
 569 F.2d 518 (9th Cir. 1978) ..................................... 12

United States v. Pino-Noriega,
 189 F.3d 1089 (9th Cir. 1999) .................................... 10

United States v. Rousseau,
 257 F.3d 925 (9th Cir. 2001) ...................................... 6

United States v. Stearns,
 550 F.2d 1167 (9th Cir. 1977) .................................... 11

United States v. Stone,
 706 F.3d 1145 (9th Cir. 2013) ..................................... 5

United States v. Thongsy,
 577 F.3d 1036 (9th Cir. 2009) ..................................... 5

United States v. VonWillie,
 59 F.3d 922 (9th Cir. 1995) ...................................... 10

United States v. Wilson,
 437 F.3d 616 (7th Cir. 2006) ...................................... 5

United States v. Young,
 248 F.3d 260 (4th Cir. 2001) ..................................... 13

Statutes

18 U.S.C. § 921(a)(3).............................................. 8
18 U.S.C. § 922(g)(1)...................................... i, 1, 4, 5

Rules

Fed. R. Crim. P. 16(b)(1)......................................... 12
Fed. R. Crim. P. 16(c)............................................ 12
Fed. R. Crim. P. 16(d)(2)(C)...................................... 13
Fed. R. Evid. 702.................................................. 7
Fed. R. Evid. 703.................................................. 8
Fed. R. Evid. 704.................................................. 8
Federal Rules of Criminal Procedure 12.1.......................... 13

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant Jose Manuel Perez ("defendant") was under federal investigation for wildlife smuggling. During the course of that investigation, defendant was apprehended and his phone was seized. Pursuant to federal search warrants, his phone was searched. On his phone, defendant, a convicted felon, had numerous pictures and videos of himself handling or playing with firearms (as well as ammunition), despite defendant knowing that he was prohibited from possessing such items. For these acts, defendant is now charged with three counts of felon in possession of a firearms, in violation of 18 U.S.C. § 922(g)(1).

**II.  STATUS OF CASE**

**A.  Indictment and First Superseding Indictment**

On December 16, 2022, a grand jury returned a two-count indictment charging defendant with being a felon in possession of a firearms, in violation of 18 U.S.C. § 922(g)(1). (Dkt. 1.) On February 14, 2023, the grand jury returned a three-count first superseding indictment charging defendant with being a felon in possession of a firearms, in violation of 18 U.S.C. § 922(g)(1). (Dkt. 20.)

**B.  Discovery**

The discovery in this case includes reports, photographs, certified court records, and information regarding defendant's criminal history, as well as expert materials, among other things. Throughout the government's trial preparation, additional discovery will be generated (e.g., Jencks) and the government will produce that discovery in a timely, expeditious manner. As of the date of this

Trial Memorandum, defense counsel has not produced any reciprocal discovery despite the government's repeated requests.

### C. Trial

<u>Trial Date</u>: A jury trial in this matter is scheduled to begin on May 30, 2023, at 9:00 a.m., before this Court. Defendant's case is unique in that the thrust of the government's evidence is digital in nature. Stated differently, the government's case-in-chief will rely heavily on evidence obtained from defendant's phone showing his illegal possession of firearms, as opposed to calling witnesses who may have seen defendant's illegal possession of firearms. Accordingly, the government anticipates moving to admit into evidence a large number of photographs, videos, text messages, and audio files.

<u>Estimated Time</u>: The government anticipates that its case-in-chief will last approximately three days.

### D. Defendant

Defendant is in custody pending trial.

### E. Government Witnesses

The government estimates that it will call most or all of the following ten witnesses in its case-in-chief: (1) U.S. Fish and Wildlife ("FWS") Special Agent Jared Eatmon; (2) former FWS Special Agent Justin Mays; (3) FWS Special Agent in Charge Jonathan Jacobs; (4) Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Special Agent Alexander Liwienski; (5) ATF Special Agent Christopher Stantzos; (6) Spanish-language translator Sharon Spence; (7) Arizona State Trooper Ryan Poirier; (8) Ventura Animal Control Officer Fernando Serratos; (9) D.R. (an acquaintance of defendant); and (10)

D.P. (defendant's former landlord).[1]

### F. Stipulations

Defendant refused to enter into any factual or evidentiary stipulations, including about his prior convictions and status as a felon, and his knowledge of his felony status. Accordingly, the government has filed a motion in limine to admit defendant's prior convictions substantively. (Dkt. 39.)

Defendant also refused to stipulate that the firearms in this case were manufactured outside of the state of California and, therefore, were shipped or transported in interstate or foreign commerce to California. Accordingly, the government intends to call an expert witness on this subject, whom the government timely noticed.

Defendant also refused to stipulate to the admissibility of any of the government's exhibits as well as the accuracy of translations. Accordingly, the government intends to call an expert witness in the Spanish language, whom the government timely noticed.

### G. Pretrial Motions

The government has filed one motion in limine to admit evidence of defendant's prior convictions substantively and for impeachment purposes under Federal Rule of Evidence 609. (Dkt. 39.) On February 3, 2023, the government provided the defense with detailed notice that the government intends to introduce at trial other crimes, wrongs, or acts committed by defendant pursuant to Federal Rule of Evidence 404(b). The notice is attached hereto as **Exhibit A.**

---

[1] This represents the government's current witness list. The government reserves the right to not call any of these witnesses or to call additional witnesses, if it deems necessary at trial.

The defense has not objected to the government's notice and, relatedly, has not filed any motions in limine.

## III. THE CHARGED OFFENSE

### A. Governing Statute

Title 18, United States Code, Section 922(g)(1) provides, in pertinent part, that "[i]t shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . [to] possess in or affecting commerce, any firearm or ammunition."

### B. Elements of 18 U.S.C. § 922(g)(1)

For defendant to be found guilty of being a felon in possession of a firearm, with regards to each count, the government must prove the following:

(1) defendant knowingly possessed a firearm;

(2) the firearm had been shipped or transported from one state to another or between a foreign nation and the United States;

(3) at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

(4) at the time the defendant possessed the firearm, the defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

Ninth Cir. Manual of Model Crim. Jury Instr. No. 14.16 (2022 ed.).

#### 1. Mens Rea

Section 922(g) requires that a defendant knowingly possessed a firearm and that defendant knew he belonged to a relevant category of persons barred from possessing a firearm. Rehaif v. United States, 139 S. Ct. 2191, 2200 (2019). An act is done "knowingly" if the

4

defendant is aware of the act and does not act through ignorance, mistake, or accident. See Ninth Cir. Manual of Model Crim. Jury Instr. No. 4.8 (2022 ed.). Defendant need not know that the firearm traveled in or affected interstate commerce. United States v. Stone, 706 F.3d 1145, 1146 (9th Cir. 2013).

Moreover, because Section 922(g)(1) focuses on the status of the defendant, and not on his state of mind at the time of the offense, the government need not prove "bad motive or intent." United States v. Johnson, 459 F.3d 990, 996 (9th Cir. 2006). In other words, a defendant violates Section 922(g)(1) even if the defendant believes "his gun possession was reasonable and in good faith, and thus without intention to violate the law." Id. Defendant's "knowledge of the legality or illegality of his conduct is irrelevant to his conviction on the felon-in-possession charge." United States v. Wilson, 437 F.3d 616, 620 (7th Cir. 2006).

### 2. Possession

A defendant has "possession" of something if he "knows of its presence and has physical control of it," or knows of its presence and "has the power and intention to control it." United States v. Thongsy, 577 F.3d 1036, 1040-41 (9th Cir. 2009) (italics omitted); Ninth Cir. Manual of Model Crim. Jury Instr. No. 6.15 (2022 ed.). Even a short period of possession may support a conviction under 18 U.S.C. § 922(g)(1). "The statute explicitly punishes 'possession,' not retention, and thus in no way invites investigation into . . . how long that possession lasted." Johnson, 459 F.3d at 996 (brackets and internal quotation marks omitted). Finally, "[m]ore than one person can be in possession of something if each knows of its presence and has the power and intention to control it."

United States v. Carrasco, 257 F.3d 1045, 1050 (9th Cir. 2001).

While jury unanimity is required for each principal element of a crime, "'a federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element, say, which of several possible means the defendant used to commit an element of the crime.'" Richardson v. United States, 526 U.S. 813, 817 (1999).

### 3. Interstate Commerce

To meet the jurisdictional element, "there need be only a minimal nexus that the firearm ha[s] been, at some time, in interstate commerce." United States v. Rousseau, 257 F.3d 925, 933 (9th Cir. 2001). "[A] past connection to interstate commerce is sufficient"; the firearm does not have to have recently moved in or recently affected interstate commerce. Id.

## IV. STATEMENT OF FACTS

The government expects that the evidence at trial will establish the following facts, among others:

Between on or about August 12, 2021 and December 25, 2021, in Ventura County, within the Central District of California, and elsewhere, defendant knowingly possessed a firearm, namely, a Smith & Wesson, model 39-2, 9mm caliber pistol, bearing serial number A125879, in and affecting interstate and foreign commerce.

Further, between on or about January 25, 2022 and February 12, 2022, in Ventura County, within the Central District of California, defendant knowingly possessed a firearm, namely, a Kimber, model Stainless II, .45 automatic caliber pistol, bearing serial number K599405, in and affecting interstate and foreign commerce.

Lastly, on or about February 12, 2022, in Ventura County, within

the Central District of California, defendant knowingly possessed a firearm, namely, a Springfield Armory, model XD-9, 9mm Luger caliber pistol, bearing serial number US887870, in and affecting interstate and foreign commerce.

When defendant possessed each of the firearms mentioned above, he knew he has been convicted of at least one crime punishable by imprisonment for a term exceeding one year, and he knew that at least one of those crimes had not been vacated or overturned.

## V. LEGAL AND EVIDENTIARY ISSUES

### A. Authentication and Foundation

Federal Rule of Evidence 901(a) provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Under Rule 901(a), evidence should be admitted, despite any challenge, once the government makes a prima facie showing of authenticity or identification so "that a reasonable juror could find in favor of authenticity or identification . . . [because] the probative force of the evidence offered is, ultimately, an issue for the jury." United States v. Chu Kong Yin, 935 F.2d 990, 996 (9th Cir. 1991) (citations and internal quotation marks omitted); see also United States v. Gadson, 763 F.3d 1189, 1204 (9th Cir. 2014).

### B. Expert Opinion Testimony

A qualified expert witness may provide opinion testimony on a fact at issue if specialized knowledge will assist the trier of fact. Fed. R. Evid. 702. The Court has broad discretion to determine whether to admit expert testimony. United States v. Andersson, 813 F.2d 1450, 1458 (9th Cir. 1987). Expert opinion may be based on

hearsay or facts not in evidence, where the facts or data relied upon are of the type reasonably relied upon by experts in the field. Fed. R. Evid. 703. An expert may also provide opinion testimony even if it embraces an ultimate issue to be decided by the trier of fact. Fed. R. Evid. 704.

The government has timely designated and intends to call three experts at trial: (1) ATF Special Agent Alex Liwienski; (2) FWS Special Agent in Charge Jonathan Jacobs; and (3) Sharon Spence. The government has noticed their testimony as expert testimony, and has provided defense counsel summaries of the testimony they are expected to give. All are qualified as experts to testify and provide their expert opinions.

ATF Special Agent Liwienski will testify that, among other things, the following firearms, which are depicted in pictures and videos found on defendant's phone, are firearms, as the term is defined in 18 U.S.C. § 921(a)(3), and traveled in or affected interstate or foreign commerce: (1) the Smith & Wesson, model 39-2, 9mm caliber pistol, bearing serial number A125879; (2) Kimber, model Stainless II, .45 automatic caliber pistol, bearing serial number K599405; (3) Springfield Armory, model XD-9, 9mm Luger caliber pistol, bearing serial number US887870. Defendant has not objected to the introduction of SA Liwienski's testimony or his qualifications as an expert.

SAC Jacobs will testify regarding the FWS's procedures and methodologies related to computer forensics and their reliability, the imaging and duplication of data storage devices, the processing of device images with forensic tools, verifying the process of imaging and copying, providing agents with access to an exact copy of

8

the original devices, and extracting specific portions of forensic copies at the request of agents.  Specifically, SAC Jacobs will testify about the examination of Mr. Perez's cellphone (an Apple iPhone 12 with iOS 14.5.1 installed) using GrayKey, which is a cellphone forensics tool.

Additionally, SAC Jacobs will discuss the nature and structure of computer file systems and file storage structures (i.e., folders and directory trees) as they relate to the locations where files were stored on a digital device.  Stated differently, SAC Jacobs will discuss how metadata, which includes folders and directory trees, associated with a media file (e.g., pictures, videos, etc.) can identify whether a particular media file retrieved from a media storage device was created with that media storage device or another device.  Defendant has not objected to the introduction of SAC Jacobs's testimony or his qualifications as an expert.

Sharon Spence will testify that, among other things, she listened to or reviewed a number of government exhibits, including communications (e.g., messages), audio files, and audio/video files containing the Spanish language.  She will also testify that she reduced the Spanish language audio to writing, that she then translated the Spanish language audio into the English language and created transcripts of the translations.  Ultimately, she will testify that the transcripts are true, accurate, and correct translations.

The government should be permitted to introduce expert opinion testimony from all three experts.  This testimony will assist the trier of fact in understanding the evidence and determining facts at issue.  See e.g., United States v. Dunn, 946 F.2d 615, 618 (9th Cir.

1991) ("The Ninth Circuit allows expert testimony regarding the identity of the manufacturer to establish that a gun travelled in interstate commerce before the defendant received it.")

### C. Lay Witness and Lay Law Enforcement Testimony

Federal Rule of Evidence 701 "permits a lay witness to give opinion testimony as long as the opinion is (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue." United States v. Pino-Noriega, 189 F.3d 1089, 1097 (9th Cir. 1999) (quotation marks omitted). Lay opinion testimony by law enforcement officers is admissible and not necessarily expert testimony within the meaning of Rule 16(a)(1)(G). See United States v. VonWillie, 59 F.3d 922, 929 (9th Cir. 1995); see also United States v. Barragan, 871 F.3d 689, 703-704 (9th Cir. 2017); Gadson, 763 F.3d at 1209 ("[A]n investigator who has accumulated months or even years of experience with the events, places, and individuals involved in an investigation necessarily draws on that knowledge when testifying; indeed, it is those out-of-court experiences that make the witness's testimony helpful to the jury."). Rule 16 notice is not required for lay witnesses. United States v. Moreno, 243 F.3d 551 (9th Cir. 2000) ("Rule 16 notice was not required, however, because this testimony was properly admitted as the opinion of a lay witness."). The remaining five witnesses are testifying as lay witnesses.

### D. Cross-Examination of Defendant

The government is unaware whether defendant intends to testify at trial. If defendant does testify, the government should be permitted to fully cross-examine him. Specifically, should defendant

testify, the government reserves the right to cross-examine him regarding his prior convictions to: (1) impeach defendant's "character for truthfulness" and (2) to refute defendant's contention, if any, that he is unfamiliar with firearms, as more fully explain in the government's motion in limine. (Dkt. 52).

As explained in the government's motion in limine, a defendant who testifies at trial waives his right against self-incrimination and subjects himself to cross-examination concerning all matters reasonably related to the subject matter of his testimony. See, e.g., Ohler v. United States, 529 U.S. 753, 759 (2000) ("It has long been held that a defendant who takes the stand in his own behalf cannot then claim the privilege against cross-examination on matters reasonably related to the subject matter of his direct examination."). A defendant has no right to avoid cross-examination on matters that call into question his claim of innocence. United States v. Miranda-Uriarte, 649 F.2d 1345, 1353-54 (9th Cir. 1981). The scope of a defendant's waiver is co-extensive with the scope of relevant cross-examination. United States v. Cuozzo, 962 F.2d 945, 948 (9th Cir. 1992); United States v. Black, 767 F.2d 1334, 1341 (9th Cir. 1985) ("What the defendant actually discusses on direct does not determine the extent of permissible cross-examination or his waiver. Rather, the inquiry is whether 'the government's questions are reasonably related' to the subjects covered by the defendant's testimony.").

**E. Photographs**

Photographs are generally admissible as evidence. See United States v. Stearns, 550 F.2d 1167, 1171 (9th Cir. 1977) (photographs of crime scene admissible). Photographs should be admitted so long

as they fairly and accurately represent the event or object in question. United States v. Oaxaca, 569 F.2d 518, 525 (9th Cir. 1978). Also, "[p]hotographs are admissible as substantive as well as illustrative evidence." United States v. May, 622 F.2d 1000, 1007 (9th Cir. 1980). Photographs may be authenticated by a witness who "identif[ies] the scene itself [in the photograph] and its coordinates in time and place." See Lucero v. Stewart, 892 F.2d 52, 55 (9th Cir. 1989) (internal quotation marks omitted).

Here, the bulk of the government's evidence of defendant's unlawful possession of firearms consists of photos and videos defendant took of himself holding the firearms. For this reason, the photographs and videos are relevant evidence and admissible at trial.

### F. Affirmative Defenses

Defendant has not given notice of his intent to rely on any defense of entrapment, mental incapacity, alibi, or any other affirmative defense, despite the government's request for such notice of intent. Therefore, to the extent defendant may attempt to rely on such a defense, the government reserves the right to object and to move to preclude the defendant from asserting such a defense.

### G. Reciprocal Defenses

Rule 16 requires defendant to produce to the government three categories of materials that he intends to introduce as evidence at trial: (1) documents and tangible objects; (2) reports of any examinations or tests; and (3) expert witness disclosures. Fed. R. Crim. P. 16(b)(1). Rule 16 imposes on defendants a continuing duty to disclose these categories of materials. Fed. R. Crim. P. 16(c). In those circumstances where a party fails to produce discovery as required by Rule 16, the rule empowers the district court to

"prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances." Fed. R. Crim. P. 16(d)(2)(C), (D).

Despite the government's requests, defendant has not produced any reciprocal discovery. Accordingly, to the extent that there exists reciprocal discovery to which the government is entitled under Federal Rules of Criminal Procedure 12.1, 12.2, 16(b), or 26.2 that defendant has not produced, the government reserves the right to seek to have such materials excluded at trial. See United States v. Young, 248 F.3d 260, 269-70 (4th Cir. 2001) (upholding exclusion under Rule 16 of audiotape evidence defendant did not produce in pretrial discovery where defendant sought to introduce audiotape on cross-examination of government witness not for impeachment purposes, but as substantive "evidence in chief" that someone else committed the crime).

## VI. CONCLUSION

The government respectfully reserves the right to supplement or modify this Trial Memorandum as may be appropriate.